■ FEINGOLD & ALPERT, L.L.P., et al., Appellants, v OMNICOM GROUP, INC., Respondent. [843 NYS2d 65]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered July 17, 2006, which, to the extent appealed from, denied plaintiffs' cross motion for partial summary judgment on the issue of liability, unanimously affirmed, with costs.

The court properly denied plaintiffs' cross motion for partial summary judgment on the issue of liability in this action where plaintiffs are seeking to recover rent abatements they allege are owed to them under the terms of their subleases with defendant. Plaintiffs' proposed interpretation of paragraph eight of their respective subleases concentrates solely upon the language that is favorable to their position and disregards the remaining language of the paragraph, as well as the excluded provisions clause in the subleases in question. Consequently, the court reasonably attempted to reconcile all of the provisions relating to the matter of a rent abatement by reading the documents "as a whole to ensure that excessive emphasis is not placed upon particular words or phrases" (*South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]). In light of the minimal discovery that has taken place, triable issues exist, including whether defendant received any rent abatement that it was required to pass along to plaintiffs under the subleases. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.